In re Helmut BUPPELMANN,
Marguerite Buppelmann,
Debtors.

In re Robert C. Fountain, Debtor.

Nos. 5–97–03058, 5–98–03285.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Oct. 18, 2001.

Joseph Albert, Forty Fort, PA, for Robert C. Fountain.

### *OPINION*

JOHN J. THOMAS, Bankruptcy Judge.

Pending before me are the requests of two Debtors who have asked that the records of their bankruptcy filings be expunged.

While relatively common in criminal courts, the expungement of bankruptcy cases appears to be a rare event exercised with the greatest of prudence by bankruptcy judges under the equitable powers implied under 11 U.S.C. § 105. Generally speaking, expungement appears to run contrary to § 107(a) of the Bankruptcy Code wherein public access to the papers filed in this Court is guaranteed. Having said that, it does appear reasonable that bankruptcies filed, either in error or by means of fraud, should not haunt individu-

als in cases where they had little to do with their filing.

The cases of Helmet and Marguerite Buppelmann as well as Robert C. Fountain have one thing in common. They admit that the signatures on at least one bankruptcy document were, in fact, their signatures.

Helmet W. Buppelmann appeared before this Court and testified that he, along with his spouse, had signed a document attaching a list of creditors on May 29, 1996. The document was signed at the request of their then-attorney Eric Levande because of significant medical bills incurred by Mrs. Buppelmann. In early 1997, Mrs. Buppelmann passed away. Thereafter, Mr. Buppelmann contacted Levande, advised him that Mrs. Buppelmann had passed away, and instructed him not to pursue the bankruptcy. Nevertheless, on October 15, 1997, Levande initiated the Chapter 7 bankruptcy for the Buppelmanns filing virtually all of the required bankruptcy documents over the forged signatures of Helmet and Marguerite Buppelmann and including the properly executed list of creditors.

While Levande has since ended his practice of law, the only motivation that could be presumed for Levande's filing of the Buppelmann bankruptcy was a desire to retain the attorney's fees that might have been paid to Levande.

The Buppelmann case was eventually dismissed by reason of the failure of Mr. Buppelmann to appear at the § 341 meeting.

The Fountain bankruptcy was initiated by a voluntary Chapter 13 petition on October 1, 1998. Mr. Fountain signed a petition in bankruptcy as part of a purported workout arrangement that was to take place between himself and a company known as Homeowners Rescue Service ("HRS").[1] Mr. Fountain indicated that he had signed a bankruptcy petition in blank and had transferred his property to HRS or their agent in an effort to allow HRS to renegotiate his housing mortgage with his Mortgagee. Sometime thereafter, he realized that the money he was paying to HRS was of little benefit to him.

He testified that he was given to understand that his bankruptcy petition would not be filed unless he so authorized and only as a last resort. Eventually, Mr. Fountain's bankruptcy petition was dismissed for failing to file the required schedules and plan.

■ As indicated in the initial paragraphs of this Opinion, expungement is an extraordinary remedy only utilized in the rarest of circumstances.

■ When individuals sign a document either in blank or after completion and turn that legal document over to their agent, there is a certain presumption that the document can be filed at a time that might be convenient to the agent. While Mr. Fountain was advised that the bankruptcy petition would only be filed "as a last resort", the very fact that an executed document was in possession of the agent implies that no further contact with the Debtor was necessary. In the absence of Mr. Fountain revoking the authority to file that bankruptcy petition, I can only conclude that, while the petition may have been ill advised, it was not fraudulent as to the Debtor. It is this fact that distinguishes the Fountain case from the Buppelmann matter where Mr. Buppelmann specifically indicated that Levande was not authorized to file this bankruptcy petition

**1.** Homeowners Rescue Service has been the subject of intense scrutiny by the Office of the United States Trustee as well as the Pennsylvania Office of the Attorney General.

and, despite that communication, the petition was filed.

Accordingly, I find that Mr. Buppelmann has stated a case which demands a remedy. That remedy may take one of three courses. First, I could grant the request for expungement and have all documents filed related to this matter destroyed. Second, I could make a notation in this filing that the petition was fraudulent which would allow any entity that was interested in the course of the bankruptcy to conclude that the matter was, in fact, fraudulent and the filing occurred other than at the request of the Debtor. Third, I could order the Clerk to delete all references to the Debtors' names on the case dockets.

Mindful that there may be creditors and/or agencies that are aware of the Buppelmann filing and thereafter would not be able to determine why the record was expunged, I decline to adopt the first procedure. I am also aware that the expungement of all reference to the Debtors' names may prove an almost impossible task for the Clerk and would require that documents, heretofore filed of record, be sealed and/or redacted. This appears to be an unnecessary burden placed on the Office of the Clerk. Therefore, I choose to adopt the procedure of indicating in the dismissed case that the original filing occurred as a result of fraud committed by a party other than the Debtor. This conclusion should be sufficient to alert any creditor, or other agency interested in same, a fair understanding of what has occurred in this case.

█ With regard to the Fountain matter, I merely decline to allow any relief for what appears to be a poor choice of workout alternatives.

Separate Orders will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, the bankruptcy case of Helmut and Marguerite Buppelmann is declared to be a nullity by reason of the fraudulent filing by Buppelmann's counsel.

### ORDER

For those reasons indicated in the Opinion filed this date, Debtor's request to purge the bankruptcy filing is denied.